IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BILAB EL-AMEEN MUHAMMED,   *

    Plaintiff,   *

    v.   *    Civil Action No. RDB-12-1444

GREG BERNSTEIN, *et al.*,   *

    Defendants.   *
\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Bilab El-Ameen Muhammed ("Plaintiff" or "Muhammed") proceeding *pro se*, has brought this action against Defendants Greg Bernstein, State's Attorney for Baltimore City ("State's Attorney Bernstein"), Detective John A. Moore, Baltimore City Police Department ("Detective Moore"), Mayor Stephanie Rawlings-Blake of Baltimore City ("Mayor Rawlings-Blake"), the Maryland State Department of Public Safety and Correctional Services ("Correctional Services Department"), the Division of Pretrial Detention and Services ("Division of Pretrial Detention"), the Maryland State Police Sex Offender Registry ("Sex Offender Registry"), Governor Martin O'Malley of Maryland ("Governor O'Malley"), and Attorney General of Maryland Douglas Gansler ("Attorney General Gansler"). Plaintiff's Complaint asserts causes of action under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the First, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

Pending before this Court are Plaintiff's Motions for a Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure (ECF No. 22), and to

Consolidate all Motions pursuant to Rule 12(g) of the Federal Rules of Civil Procedure (ECF No. 31). Also pending before this Court are Defendants Correctional Services Department, Division of Pretrial Detention, Sex Offender Registry, Governor O'Malley, Attorney General Gansler, and Mayor Rawlings-Blake's Motions to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF Nos. 23 & 26). Additionally, Defendants State's Attorney Bernstein and Detective Moore have filed Motions to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF Nos. 39 & 42).[1] The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, Plaintiff's Motions for a Temporary Restraining Order (ECF No. 22) and to Consolidate all Motions (ECF No. 31) are DENIED. The Motions to Dismiss of Defendants Correctional Services Department, Division of Pretrial Detention, Sex Offender Registry, Governor O'Malley, Attorney General Gansler, Mayor Rawlings-Blake, State's Attorney Bernstein, and Detective Moore (ECF Nos. 23, 26, 39, & 42) are GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE as to all Defendants in this case.

## BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the Plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the Plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant

---

[1] On October 23, 2012, Defendants Division of Pretrial Detention, Governor O'Malley, and Sex Offender Registry filed a motion to extend the period of time within which they were required to file a pleading or motion responsive to the Complaint to on or before November 30, 2012. Subsequently, these Defendants filed a Motion to Dismiss (ECF No. 23) on November 30, 2012. No party was prejudiced by this filing and Plaintiff did not oppose this motion. Accordingly, Defendants' Motion for Extension of Time (ECF No. 18) is GRANTED.

2

can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff Bilab El-Ameen Muhammed acknowledges that he was convicted in October, 1981 of rape of a forty-seven-year-old woman in Boston, Massachusetts. Compl. at 2, ECF No. 1. He claims that he was released from prison " 'unconditionally,' i.e. no parole, no probation," and was "not required to register as a 'sexual offender.' " *Id.* Plaintiff then lived in Augusta, Georgia for seven years, Richmond, Virginia for four years, and moved to Baltimore, Maryland in 2004. *Id.*

Plaintiff alleges that the Massachusetts Sex Offender Registry contacted the Baltimore City Police Department falsely stating that Plaintiff left the Commonwealth in 1993 without informing them. *Id.* at 3. Plaintiff contends that, in reality, he was a free citizen with no obligations to any law enforcement agency or under any statute. *Id.* Plaintiff alleges that, instead of conducting a proper investigation into Plaintiff's history or the relevant Massachusetts law, Defendants detained him at the Baltimore Detention Center from February 28, 2012 through May 8, 2012 for failure to register as a sexual predator. *Id.* at 2. In the days following his incarceration, Plaintiff filed a Complaint under 42 U.S.C. § 1983, alleging violations of his rights under the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution (ECF No. 1).

## STANDARD OF REVIEW

I. Motion for a Temporary Restraining Order

Granting a temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural*

*Res. Def. Council*, 555 U.S. 7, 22 (2008); *see also Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1992). A movant seeking a temporary restraining order must establish that: (1) the movant is likely to succeed on the merits; (2) the movant is likely to be irreparably harmed absent preliminary relief; (3) the balance of equities tips in movant's favor; and (4) an injunction is in the public interest. *The Real Truth About Obama v. FEC*, 575 F.3d 342, 345-47 (4th Cir. 2009) (quoting *Winter*, 555 U.S. at 20), *vacated by* 130 S.Ct 2371 (2010), *reinstated in part by* 607 F.3d 356 (4th Cir. 2010). The United States Court of Appeals for the Fourth Circuit emphasized that this standard is more stringent than its previous standard and that plaintiffs must clearly show that they are likely to succeed on the merits before such extraordinary relief is awarded. *See id.*

II. Motion to Dismiss Pursuant to Rule 12(b)(6)

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). In ruling on such a motion, this Court is guided by the Supreme Court's instructions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) which "require complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's *Twombly* decision articulated "[t]wo

4

working principles" courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678.

While a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.). In the context of *pro se* litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010). However, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679; *see also O'Neil v. Ponzi*, 394 Fed. App'x 795, 796 (2d Cir. 2010). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim.") (emphasis in original) (internal quotation marks and citation omitted). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief." *Iqbal*, 556 U.S. at 664.

## ANALYSIS

I.  Plaintiff's Motion for a Temporary Restraining Order (ECF No. 22)

Plaintiff argues that the circumstances of his case warrant a temporary restraining order, "restrain[ing] the Defendants from requiring the Plaintiff [to register] as a 'sexual predator.'" Mot. for TRO, ECF No. 22. In support of his contention, Plaintiff claims that his neighbors have threatened him and that proper judicial procedures were ignored in determining his status, requiring him to register as a "sexual predator," and posting his picture and other information on the internet. *Id.*

A movant seeking a temporary restraining order must establish that: (1) he is likely to succeed on the merits; (2) he is likely to be irreparably harmed absent preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See The Real Truth About Obama v. FEC*, 575 F.3d 342, 345-47 (4th Cir. 2009) (quoting *Winter*, 555 U.S. at 20), *vacated by* 130 S.Ct 2371 (2010), *reinstated in part by* 607 F.3d 356 (4th Cir. 2010).

Even liberally construing Plaintiff's allegations, he does not remotely show that he will likely succeed on the merits. Under Section 11-701(q) of the Criminal Procedure Article of the Maryland Code, anyone who commits second-degree rape in another jurisdiction qualifies as a "Tier III sex offender," meaning that they must register with local law enforcement every three months. *See* MD. CODE ANN., CRIM. PROC. § 11-707(a)(2). Plaintiff does not dispute that he was convicted in the rape of a forty-seven-year-old woman in Boston, Massachusetts, meeting the elements of second-degree rape under Maryland law. *See*

MD. CODE ANN., CRIM. LAW § 3-304.[2] Beyond the Defendants' request that he comply with the Maryland sex offender registration statute, Plaintiff does not allege specific instances of conduct by Defendants that entitle him to relief. He is quite simply required by Maryland law to register as a sexual offender. Accordingly, Plaintiff fails to show that he will likely succeed on the merits of his case. *See The Real Truth About Obama*, 575 F.3d at 345-47. Moreover, Plaintiff fails to establish that he is likely to be irreparably harmed absent preliminary relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. *See id.* Thus, Plaintiff's Motion for a Temporary Restraining Order is DENIED.

II.  Plaintiff's Motion to Consolidate all Motions

Plaintiff requests that all motions filed by Defendants be consolidated pursuant to Rule 12(g) of the Federal Rules of Civil Procedure. Specifically, Plaintiff argues that: (1) he should only be required to file one motion in response to Defendants' Motions to Dismiss; (2) he should be allowed to respond to one attorney; and (3) Defendants should be required to file a single motion with the Court.

Rule 12(g) sets a general limitation on successive motions to dismiss filed by the same party. *See* FED. R. CIV. P. 12(g) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the

---

[2] Under Maryland Law:
    (a) A person may not engage in vaginal intercourse with another:
        (1) by force, or the threat of force, without the consent of the other;
        (2) if the victim is a mentally defective individual, a mentally incapacitated individual, or a physically helpless individual, and the person performing the act knows or reasonably should know that the victim is a mentally defective individual, a mentally incapacitated individual, or a physically helpless individual; or
        (3) if the victim is under the age of 14 years, and the person performing the act is at least 4 years older than the victim.

MD. CODE ANN., CRIM. LAW § 3-304(a)

party but omitted from its earlier motion."). Rule 12(h)(2) then exempts from this general waiver any Rule 12(b)(6) defenses that are raised (A) in an answer; (B) in a motion for judgment on the pleadings; or (C) at trial. *See* FED. R. CIV. P. 12(h)(2). Rule 12(g) does not require parties to file joint motions. Each party is free to file motions to assert its individual defenses. Therefore, Plaintiff's Motion to Consolidate all Motions is DENIED.

III. <u>Section 1983 Claims Against the Correctional Services Department, Division of Pretrial Services, Sex Offender Registry, Governor O'Malley, Attorney General Gansler, and State's Attorney Bernstein</u>

Defendants Correctional Services Department, Division of Pretrial Services, Sex Offender Registry, Governor O'Malley, Attorney General Gansler, and State's Attorney Bernstein argue that the Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. They contend that Plaintiff's claims are barred by the Eleventh Amendment and that they are not "person[s]" within the context of Section 1983.

The Eleventh Amendment bars a suit for monetary damages in federal court by a private individual against unconsenting states, state agencies, or state officials acting in their official capacities, absent waiver or congressional abrogation of sovereign immunity. *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). As the Supreme Court has stressed, "[t]he test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234 (1985). Under this test, "the Court has admonished the lower federal courts to identify a waiver of Eleventh Amendment immunity in a state statute only where stated by the most express language or by such

overwhelming implication from the text as will leave no room for any other reasonable construction." *Lee–Thomas v. Prince George's County Public Schools*, 666 F.3d at 250 (quoting *Atascadero*, 473 U.S. at 240) (internal quotations omitted). The decision of the state's highest court is controlling even when the statute, on its face, does not appear to pass the stringent test. *Lee-Thomas*, 666 F.3d at 248.

The Correctional Services Department is a principal department of the Maryland state executive branch. MD. CODE ANN., CORR. SERVS. § 2-201; MD. CODE ANN., STATE GOV'T § 8-201. The Division of Pretrial Detention is an agency within the Correctional Services Department, MD. CODE ANN., CORR. SERVS. § 5-201, and the Sex Offender Registry is a unit within the Correctional Services Department, *see generally*, MD. CODE ANN., CRIM. PROC. § 11-713(2). The Governor, Attorney General, and State's Attorneys are considered state officials under Maryland law. *See* MD. CODE ANN., STATE GOV'T § 3-301, 6-103; MD. CODE ANN., CRIM. PROC. § 15-101. As such, Defendants Correctional Services Department, Division of Pretrial Detention, Sex Offender Registry, Governor O'Malley, Attorney General Gansler, and State's Attorney Bernstein all qualify as state agencies or state officials. Additionally, no state statute waives their Eleventh Amendment immunity in this context. Furthermore, Section 1983 requires that a "person" cause the alleged constitutional violation. "Neither a state agency nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, these Defendants' Motions to Dismiss are GRANTED. Plaintiff's claims against these Defendants are DISMISSED WITH PREJUDICE.

IV.   Section 1983 Claim Against Mayor Rawlings-Blake

Defendant Mayor Rawlings-Blake argues that Plaintiff's Complaint fails to raise a single claim against her directly. Alternatively, Mayor Rawlings-Blake contends that even if Plaintiff intends to bring suit against her under a theory or *respondeat superior* liability, he has failed to prove the existence of an agency relationship between her office and that of any other Defendant.

It is well established that the doctrine of *respondeat superior* does not apply in Section 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no *respondeat superior* liability under Section 1983); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (no *respondeat superior* liability in a Bivens suit). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (citing *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under Section 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

The Complaint fails to raise a single claim against Mayor Rawlings-Blake or draw connections between her conduct and that of the other Defendants, making only vague references to the "police power" and contesting Plaintiff's treatment under the Maryland sex offender statute. Furthermore, all other named Defendants are state government agents, meaning that the Mayor has no authority to control their actions.[3] Therefore, Defendant Mayor Rawlings-Blake's Motion to Dismiss the Complaint is GRANTED. Plaintiff's claims against Defendant Mayor Rawlings-Blake are DISMISSED WITH PREJUDICE.

V.   Section 1983 Claim Against Detective Moore

Detective Moore argues that the Maryland sex offender registration statute grants him immunity from civil liability arising from actions relating to sex offender registration. Detective Moore further argues that while the statute does not provide immunity to officers acting with gross negligence or in bad faith, Plaintiff cannot establish that Detective Moore's conduct falls within either category.

Section 11-719 of the Criminal Procedure Article of the Maryland Code provides that:

> An elected public official, public employee, or public unit has the immunity described in §§ 5-302 and 5-522 of the Courts Article regarding civil liability for damages arising out of any action relating to the provisions of this subtitle, unless it is proven that the official, employee, or unit acted with gross negligence or in bad faith.

MD. CODE ANN., CRIM. PROC. § 11-719. Gross negligence and bad faith must be established by clear and convincing evidence. *See Higgins v. Diversey Corp.*, 998 F. Supp. 598, 605 (D. Md. 1997); *Allee v. Medrano*, 416 U.S. 802, 813 (1974).

---

[3] Detective Moore is an employee of the Baltimore Police Department. The Baltimore Police Department is a state agency and the Mayor does not hire, train, manage, or oversee its officers. *See* MD. CODE ANN., STATE GOV'T § 12-101; *Clea v. Baltimore*, 312 Md. 662, 668 (1988).

Plaintiff does not allege that any specific conduct on the part of Detective Moore constitutes bad faith or gross negligence. Plaintiff only generally contests the Baltimore Police Department's enforcement of Maryland law. Therefore, Defendant Detective Moore's Motion to Dismiss the Complaint is GRANTED. Plaintiff's claims against Defendant Detective Moore are DISMISSED WITH PREJUDICE.

VI. Section 1983 Claims Against Governor O'Malley, Attorney General Gansler, State's Attorney Bernstein, Mayor Rawlings-Blake, and Detective Moore In Their Individual Capacities

While Plaintiff did not clearly raise claims against Defendants Governor O'Malley, Attorney General Gansler, State's Attorney Bernstein, Mayor Rawlings-Blake, and Detective Moore in their individual capacities, *pro se* pleadings are construed liberally and this Court will consider them raised. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010). However, any claims against these Defendants in their personal capacities are barred by the doctrine of qualified immunity.

Qualified immunity generally protects government officials from suit when they perform the discretionary duties of their offices. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Courts must ask two questions when assessing whether qualified immunity shields government officials from suit: (1) whether the plaintiff has demonstrated the violation of a constitutional right; and (2) if a constitutional right has been violated, whether the right was clearly established, "such that it would be clear to an objectively reasonable officer that his conduct violated that right." *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002). Either question may be addressed first. *Pearson v. Callahan*, 555 U.S. 223 (2009). Defendants bear the

burden of establishing qualified immunity. *Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 332 n.10 (4th Cir. 2009).

Enforcing Maryland law is clearly within the Defendants' discretionary duties. As it is well-established that sex offender statutes do not violate the United States Constitution, *see Smith v. Doe*, 538 U.S. 84, 93 (2003), Defendants do not violate constitutional rights by enforcing the statute. Plaintiff alleges no other conduct on the part of Defendants as grounds for relief. Accordingly, Plaintiff fails to state a claim against these Defendants in their individual capacities. Therefore, Plaintiff's claims against Defendants Governor O'Malley, Attorney General Gansler, State's Attorney Bernstein, Mayor Rawlings-Blake, and Detective Moore in their individual capacities are DISMISSED WITH PREJUDICE.

## CONCLUSION

For the reasons stated above, Defendants Division of Pretrial Detention, Governor O'Malley, and Sex Offender Registry's Motion for Extension of Time (ECF No. 18) is GRANTED. Plaintiff's Motion for a Temporary Restraining Order (ECF No. 22) and Motion to Consolidate all Motions (ECF No. 31) are DENIED. Defendants Correctional Services Department, Division of Pretrial Detention, Sex Offender Registry, Governor O'Malley, Attorney General Gansler, Mayor Rawlings-Blake, State's Attorney Bernstein, and Detective Moore's Motions to Dismiss (ECF Nos. 23, 26, 39, & 42) are GRANTED. Plaintiff's Complaint is DISMISSED WITH PREJUDICE as to all Defendants.

A separate Order follows.

Dated: June 21, 2013

/s/ *Richard D. Bennett*
Richard D. Bennett
United States District Judge