IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BILAL EL-AMEEN MUHAMMED,              *

    Plaintiff,                                    *   Civil Action No. RDB-12-1444

v.                                                         *

GREG BERNSTEIN, *et. al.*,                *

    Defendants.                                *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Pending before this Court is Plaintiff Bilab El-Ameen Muhammed's "Motion for Judgment on the Pleadings, Pursuant to Federal Rules of Civil Procedure 12(c)." This Court issued a final judgment in this case on June 21, 2013 (ECF No. 48). Liberally construing the form of *pro se* Plaintiff's motion, this Court reviews Plaintiff's motion as a Motion for Reconsideration. For the reasons stated below, Plaintiff's Motion for Reconsideration (ECF no. 48) is DENIED.

## STANDARD OF REVIEW

A plaintiff filing *pro se* is held to "less stringent standards" than is a lawyer, and the Court must liberally construe his claims, no matter how "inartfully" pled. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010) (observing that liberal construction of a complaint is particularly appropriate where a *pro se* plaintiff alleges civil rights violations).

Plaintiff has titled and framed the present Motion as one "For Judgment on the Pleadings, Pursuant to Federal Rules of Civil Procedure 12(c)." ECF No. 49, p. 1. As Rule 12 necessarily applies only *before judgment has been issued*, and this Court has already granted Defendant's Motion to Dismiss (ECF No. 42) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the present Motion under Rule 12 cannot stand. However, liberally construing Plaintiff's Motion in light of the present posture of the case, this Court will conside Plaintiff's motion as one seeking reconsideration.

The Federal Rules of Civil Procedure do not expressly provide for a "postjudgment 'motion for reconsideration.' Rather, they provide for a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment." *Katyle v. Penn Nat'l Gaming, Inc.*, No. 09-2272, 2011 WL 857144, at *5 n.4 (4th Cir. Mar. 14, 2011). As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, Civ. No. WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted).

Rule 59(e) of the Federal Rules of Civil Procedure expressly requires that a litigant move to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This Court entered judgment dismissing Plaintiff's Complaint on June 21, 2013. Order, ECF No. 49. Nearly ten months later, on April 10, 2014 (ECF No. 49), Plaintiff filed the

present motion. Because Plaintiff's Motion is untimely under Rule 59(e)—and therefore must fail—this Court reviews Plaintiff's Motion under Rule 60(b). *Cross*, 2010 WL 3609530 at *2.

To support a motion under Rule 60(b), the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Assoc., Inc.*, 305 Fed. Appx. 987, 988 (4th Cir. 2009) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). If these threshold requirements are met, the moving party must then show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b). The moving party "must clearly establish the grounds therefore to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted). "Rule 60(b) provides extraordinary relief and may only be invoked under 'exceptional circumstances.'" *Mines v. United States*, No. WMN-10-520, 2010 WL 1741375, at *2 (D. Md. April 28, 2010) (quoting *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1982)).

## ANALYSIS

Mr. Muhammed has not raised any persuasive arguments indicating that he should be afforded relief under Rule 60(b). Plaintiff has not demonstrated mistake, fraud, or misconduct by Defendant, or that this Court's order of dismissal is void or inequitable. At no point in his

motion does he make reference to or even acknowledge this Court's dismissal of his claims. Mr. Muhammed merely reiterates arguments this Court previously rejected in its June 21, 2013 Memorandum Opinion (ECF No. 47) and propounds related arguments that are properly raised only during the Motion to Dismiss phase of this matter. Even under the most liberal reading of the *pro se* Plaintiff's Motion, no grounds exist to warrant reconsideration of this Court's June 21, 2013 Order under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons stated above, Petitioner's Motion for Reconsideration (ECF No. 49) is DENIED.

A separate Order follows.

Dated: January 27, 2015

_____
Richard D. Bennett
United States District Judge